UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRILLO HUETTEL, LLP,<br><br>                                      Movant,<br><br>           v.<br><br>UNITED STATES SECURITIES AND<br>EXCHANGE COMMISSION,<br><br>                                   Respondent. | Civil No.   11cv65-WQH (CAB)<br><br>**(United States of America Securities and Exchange Commission:** *In the Matter of Skymark Research* **(ASC) (NY-8377))**<br><br>**ORDER DENYING MOTION TO QUASH OUT OF DISTRICT SUBPOENA**<br><br>**[Doc. No. 1]** |

      Before the Court is movant Carrillo Huettel, LLP.'s ("Carrillo") Motion to Quash or Modify Subpoena issued to the Bank of America. [Doc. No. 1.] The respondent United States Securities and Exchange Commission ("SEC") opposed the motion with a verified response. [Doc. No. 10.] Carrillo filed a reply. [Doc. No. 13.] The Court held a telephonic hearing on February 3, 2011. Charles Hecht, Esq., Alan McDowell, Esq., and Betsy Manifold, Esq., appeared for Carrillo. Kevin Solonsky, Esq., and Josh Newville, Esq., appeared for the SEC. The SEC was given leave to file further case authority in support of its argument. [Doc. No. 14.] On February 8, 2011, Carrillo filed a supplemental response. [Doc. No. 16.] Having considered the submissions of the parties and the arguments of counsel, the motion is **DENIED**.

      The SEC is investigating an entity known as Skymark Media Group Ltd, and other persons and entities for violations of federal securities laws. The investigation is proceeding pursuant to a formal

order, In the Matter of Skymark Research (ASC) (NY-8377). [Doc. No. 10 at 2.] Through its investigation, the SEC has obtained evidence that Carrillo, a law firm with three partners and five associates, represents entities and individuals involved in the investigation and may also be actively involved in the alleged violations. [*Id.* at 6-7.] As part of its continuing investigation, the SEC issued a subpoena to Bank of America ("BofA") on December 16, 2010 for Carrillo's bank records dating back to January 2009 requesting all the law firm's business and trust account information. [Doc. No. 2, Ex. A-2.] The SEC seeks to subpoena records to determine whether Skymark, Carrillo and others violated the antifraud and investment advisor registration requirements of the federal securities laws and to trace the flow of money for disgorgement purposes. [Doc. No. 10 at 11-10.]

On January 12, 2011, pursuant to Rule 45(c) of the Federal Rules of Civil Procedure and 12 U.S.C. § 3410, Carrillo filed this motion to quash or modify the subpoena on the basis that the information sought is not reasonably related to the scope of the SEC investigation. [Doc. No. 1.] In part, the subpoena requests all information and underlying documentation for Carrillo's business operating account. Carrillo initially objected to this portion of the subpoena, however, after the motion was filed, Carrillo withdrew that objection. [Doc. No. 13 at 1.] The production by BofA in accordance with the subpoena of all documents concerning transactions of $1,000 or more for Carrillo's operating account since January 1, 2009 is not challenged and will proceed.

Movant challenges the other category of information – all information contained in Carrillo's trust accounts for all Carrillo's clients since January 1, 2009. Carrillo argues that, under the Right to Financial Privacy Act ("RFPA"), a government agency may obtain a customer's bank records pursuant to an administrative subpoena "only if . . . there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry." 12 U.S.C. § 3405(1). [Doc. No. 1 at 4.] Carrillo does not object to the production of client trust information for the 42 entities and individuals identified thus far by the SEC in its investigation, should such information exist in its accounts, but contends the subpoena is too broad in that it requests production of trust account information for all its clients, 100 or more of whom have no relevance to the investigation whatsoever. [Doc. No. 16.]

The SEC argues that the court shall deny the motion to quash if it establishes the relevance of the subpoenaed documents to a legitimate law enforcement inquiry. 12 U.S.C. § 3410c. [Doc. No. 10 at

10.] There is no dispute that the SEC has established it is involved in a legitimate law enforcement inquiry. Further there is no dispute that Carrillo's operating account information, and client trust information for entities and individuals identified by the SEC as part of this investigation are relevant to that investigation. The issue before the Court is whether the financial records in Carrillo's trust accounts for clients, who to date have not been identified or tied in any way to this investigation, are sufficiently relevant to be included in the production.

The SEC contends that Carrillo's own conduct is at issue, that the subpoena cannot be limited to only those persons and entities of which the SEC is aware, and the SEC cannot effectively trace money through accounts without having records of all transactions. [*Id.* at 14-15.] More specifically, the SEC contends that Carrillo's trust account information may reveal concealed connections between unidentified entities and persons and those identified in the investigation thus far. There are accounts and sub-accounts for certain Carrillo clients and the transfer of funds cannot effectively be traced without access to all the records. [*Id.* at 17-18.]

Carrillo's argument in opposition is that the subpoena will result in the production of financial records of many clients that are irrelevant to the investigation at issue. In support of its motion, Carrillo relies on Fleming v. United States Securities and Exchange Commission, No. M-29, 1996 WL 660909 (S.D.N.Y. Nov. 13, 1996) and Securities and Exchange Commission v. W Financial Group, LLC, No. 08cv0499, 2009 U.S. Dist. LEXIS 18002 (N.D. Tex. Mar. 9, 2009). [Doc. No. 1 at 6-7; Doc No. 16 at 4.] Unfortunately, the entire opinion in Fleming consists of three paragraphs and offers the Court no real assistance in comparing the factual situation at issue in that matter with the facts in this case. In W Financial, the court found that the RFPA did not apply, so the analysis regarding the scope of the subpoena at issue in that case is not helpful in determining the issues before this Court. Neither of these cases provide persuasive authority in support of Carrillo's motion.

On balance, the Court finds the SEC has demonstrated that there is reason to believe that the Carrillo trust account information sought by the subpoena is relevant to a legitimate law enforcement inquiry. Although not every responsive document produced by BofA may be relevant, there is reason to believe that the records overall contain information relevant to the investigation. In re John Doe,

///

No. M8-85, 1990 WL 119321 (S.D.N.Y. Aug. 10, 1990) (denying motion to quash because there is reasonable belief that records sought are relevant to investigation).

Carrillo's Motion to Quash or Modify the Subpoena is **DENIED**.

DATED: February 11, 2011

    **CATHY ANN BENCIVENGO**
    United States Magistrate Judge